407 F.2d 199
 CLARK'S GAMBLE CORPORATION d/b/a Clark's Discount Department Store and M. N. Landau Stores, Inc., d/b/a Clark's Stores, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, and
Retail Clerks International Association, its Locals 1262 and 1552 AFL-CIO, Intervenors.
 No. 18354.
 United States Court of Appeals Sixth Circuit.
 February 11, 1969.
 
 Robert S. Hillman, Baltimore, Md., Shawe & Rosenthal, Baltimore, Md., Earle K. Shawe, William J. Rosenthal, Lawrence S. Wescott, Baltimore, Md., on brief, for petitioners.
 Leonard M. Wagman, N.L.R.B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Lawrence M. Joseph, Richard Adelman, Attorneys, N.L.R.B., Washington, D. C., on brief, for respondent.
 Howard S. Simonoff, Camden, N. J., Plone, Tomar, Parks & Seliger, Camden, N. J., on brief; S. G. Lippman, General Counsel, Retail Clerks International Association, AFL-CIO, of counsel, for intervenors.
 Before WEICK, Chief Judge, and PECK and McCREE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Unfair labor charges filed against the petitioners resulted in an order of the National Labor Relations Board determining it to have been guilty of unfair labor practices and ordering it to bargain with the intervening locals of the Retail Clerks International Association. The matter is here presented under a petition to review and to set aside that order and under the Board's cross-petition for its enforcement.
 
 
 2
 Petitioners are engaged in the operation of discount retail department stores in various states including Ohio, New York, Massachusetts, Indiana and Maryland. In January, February and March of 1965 separate charges were filed by individual locals of the International and by the International itself in the First, Third, Fifth, Ninth, Thirteenth and Twenty-fifth Regional Offices of the National Labor Relations Board. Each alleged a refusal to bargain by the petitioners, in addition to alleging other unfair labor practices. After dismissal of those in the two latter Offices, those from the other Offices were consolidated for hearing and the decision of the Board in the consolidated cases is reported at 169 NLRB No. 43. In the present review the issues arise from the operation of the stores in Springfield, Ohio, and Glens Falls, New York.
 
 
 3
 The Board found the petitioners guilty of unfair labor practices in violation of Section 8(a) (1) of the National Labor Relations Act (29 U.S.C. § 158(a) (1)) at the Springfield, Ohio, store, primarily on the basis of a request allegedly made by one of its managers to an employee asking that she "talk against the Union" at a meeting, and of statements allegedly made by a department head and a store manager to a second employee, coupled with a five cent an hour increase to her. Based on a review of the printed record only we would be hard pressed to reach the conclusions arrived at by the Trial Examiner, who, "following a familiar pattern," credited the testimony of the employees and discredited that of the witnesses for the petitioners. N.L.R.B. v. Welsh Industries, 385 F.2d 538, 540 (6th Cir. 1967); see also N.L.R.B. v. Fischbach Trucking Co., 398 F.2d 352 (6th Cir. 1968). However, it cannot be said that the Board's conclusions are not supported by substantial evidence or are clearly erroneous, and we therefore cannot disturb them. Section 160(e), Title 29, U.S.C.; Universal Camera Corporation v. N. L. R. B., 340 U.S. 474, 490-491, 71 S.Ct. 456, 95 L.Ed. 456 (1951).
 
 
 4
 The Board found that petitioners committed several violations of Section 8(a) (1) of the Act at the Glens Falls store by intimidating an employee for conversing with Union organizers, by advising employees that it had a list of those who had signed cards, by interrogating them as to their union activity, by threatening that signing a card would jeopardize jobs, and by engaging in surveillance of union meetings. Again, were it our function to reach an independent determination on the basis of the record it is probable that it would be at variance from that made by the Trial Examiner, but the determination of the Board must be permitted to stand since it is supported by substantial evidence and is not clearly erroneous.
 
 
 5
 While in accordance with the foregoing enforcement of the Board's order will be decreed to the extent that it requires petitioners to cease and desist from the unfair labor practices and from in any other manner interfering with, restraining or coercing its employees in the exercise of their statutory rights, we entertain doubt as to the propriety of ordering bargaining at the Glens Falls store at this late date. Although the charge in connection with the Glens Falls store was filed January 7, 1965, the Trial Examiner did not issue his decision until nearly a year later (December 30, 1966), and the order of the Board did not follow until November 16, 1967. The determination of the Union's majority status was made on the basis of the store payroll as of December 22, 1964, and we need not resort to judicial notice to determine that retail clerical personnel is not unvarying since it is apparent from this record that in this store changes in personnel status were frequent. We therefore conclude that we may not with justification assume that the majority status persists which existed years ago. We are not unmindful of the general rule to the effect that a condition shown to exist will be presumed to continue until the contrary is shown, but this rule is without application to this situation where the record discloses the original condition not to have been a constant one and where a protracted period of time has elapsed. We add that our apprehension on this score is hardly abated by the fact that the 1964 majority determination was made on the basis of authorization cards, "a `notoriously unreliable method of determining the majority status of a union.'" N.L.R.B. v. Flomatic Corporation, 347 F.2d 74, 78 (2d Cir. 1965); Pulley v. N.L.R.B., 395 F.2d 870 (6th Cir. 1968); Peoples Service Drug Stores, Inc. v. N.L.R.B., 375 F.2d 551 (6th Cir. 1967).
 
 
 6
 In accordance with the foregoing, enforcement of the Order of the National Labor Relations Board entered November 16, 1967, is granted to the extent not inconsistent herewith, and the case is remanded to the National Labor Relations Board for a determination as to whether in view of the passage of time since the entering of its Order that portion thereof requiring petitioners to bargain collectively with Local 1262, Retail Clerks International Association, AFL-CIO, is still appropriate. Specifically, the Board is enjoined to determine the extent to which there has been a change in the identity of the employees since the time demand for recognition was made. If such change is found to have been substantial it is directed that the Board cause a representation election to be conducted.